## MEYNAREZ v CITY OF MIAMI
### Case No. 87-029 AC
Eleventh Judicial Circuit, Dade County

October 4, 1988

### APPEARANCES OF COUNSEL

**Joel V. Lumer,** for petitioner.

**Lucia A Dougherty,** City Attorney and **Albertine B. Smith,** Assistant City Attorney, for respondent.

Before FEDER, ROBINSON, SALMON, JJ.

### OPINION OF THE COURT

SALMON, J.

MARY MEYNAREZ petitioned this court for Writ of Certiorari, claiming that she was wrongful terminated from her job with the City of Miami. A review of the record indicates that the City did not act in good faith when it terminated Meynarez's job position. According the petition for Certiorari is granted.

Mary Meynarez's employment with the City of Miami was summarily terminated on December 9, 1986. She held the title of Assistant

Finance Director, and was terminated because her position was abolished due to budgetary cuts. She was not offered the opportunity to accept a demotion to the only other position that she ever had right or title to, that of Finance Manager; because of the City's claim that the job classification was abolished on the same date.

A city employee, junior in seniority to petitioner and who held the Finance Manager's position on December 9, 1986, was counseled to accept a voluntary demotion and a 5% pay cut. Despite the demotion, this employee's duties remained substantially unchanged. Six months later, he was promoted to another job classification that offered approximately the same salary as the abolished Finance Manager position.

Despite the demotion, this employee's duties remained substantially unchanged. Six months later, he was promoted to another job classification that offered approximately the same salary as the abolished Finance Manager position.

The only counseling that the petitioner received was to sign a release waiving "all existing rights and remedies against the city . . . for damages with respect to said employment and/or termination of said employment . . ." She was told that she would not receive her severance benefits unless she signed the release.

Petitioner later filed a grievance with the Miami Civil Service Board. After reviewing the evidence, the board voted to reinstate petitioner to the position of Finance Manager or its equivalent. Upon receipt of the board's recommendation, the Miami City Manager issued a memo stating his intent to take no further action regarding Meynarez. That action, and the main point that the City argues, is that there is no review available through the board or these proceedings to review the City's decision to abolish an employee's position. That proposition of law is not relevant to this case because we have decided that the City did not in part abolish the position.

Upon comparing petitioner's termination with the technical demotion of a junior employee, this court concludes that the City of Miami acted improperly with regard to its termination of Meynarez.

Accordingly, it is ordered that petitioner be reinstated to the position of Finance Manager or its equivalent, awarded back pay and costs.

FEDER and ROBINSON, JJ., concur.